[No. 32125. Department One. July 10, 1952.]

J & J DUNBAR & COMPANY, *Respondent*, v. THE STATE OF WASHINGTON, *Appellant*.[1]

*The Attorney General, Jennings P. Felix, and William G. Jenkins, Assistants,* for appellant.

*Lewis L. Stedman* (of *Stedman & Stedman*), for respondent.

GRADY, J.—This appeal involves the authority of the tax commission of the state of Washington to assess a tax against respondent as a manufacturer pursuant to a revenue act.

The respondent is a domestic corporation and is licensed as a wholesaler and importer of liquor. The respondent made a report of its business and occupation tax as a wholesaler doing business within the state pursuant to RCW 82.04.270. The tax commission made an audit and classified respondent as a manufacturer as defined by RCW 82.04.110. As a result of the classification of respondent

[1] Reported in 245 P. (2d) 1164.

as a manufacturer, it was required to pay an additional tax for the period from January 1, 1947, to December 31, 1950, in a substantial sum.

The respondent brought this action to recover the additional tax it had been required to pay, and obtained a judgment upon the theory that the activity for which the tax was assessed was not manufacturing.

The business process of respondent out of which this controversy arises originates with the purchase of bulk unprocessed, nonusable whiskey obtained from United Distillers, Ltd., of Vancouver, British Columbia. The whisky is imported into the state of Washington and placed in bonded warehouses, where it is held in storage and aged. It is contained in charcoal-lined oak barrels and has the alcoholic strength of approximately 120 proof. Respondent sells whisky to liquor control authorities at wholesale. In order to maintain sufficient stock to fill orders for the purchase of the bottled whisky, the respondent causes a quantity of the bulk whisky held in the bonded warehouses to be withdrawn. The barrels of whisky are delivered by respondent to a place of business occupied jointly by it and Old Monastery Company. The latter is a domestic corporation, and substantially all of its stock and that of respondent is owned by a party who is president of both corporations. The respondent has a contract with Old Monastery Company by which the latter performs the process whereby the whisky is removed from the barrels, filtered, processed and bottled.

Under its contract, Old Monastery Company takes possession of the whisky in the charcoal-lined oak barrels. The barrels are rolled by hand onto a platform and the whisky dumped into a trough and is conveyed to and passes through a heavy blanket-type filter and screen. This filtering process removes the large pieces of charcoal and other objects in the whisky, but small particles will remain. The whisky is then forced under pressure by an electric-driven pump through a series of filter pads, by which process all remaining particles are removed. After the second filtering

process, the whisky is pumped into tanks and a sufficient quantity of water is added and machine-mixed with it so as to reduce the alcoholic content of the whisky to 85 proof. The whisky is then piped to a bottling room, where it is placed in pint and fifth size bottles, which are capped and sealed by machine. The bottles are packed by hand in cases and delivered to respondent for subsequent sale.

The question to be decided is whether the process through which the whisky goes while in the hands of the contractor constitutes manufacturing as defined by statute.

The Washington state liquor act defines a manufacturer of intoxicating liquor as follows:

" 'Manufacturer' means a person engaged in the preparation of liquor for sale, in any form whatsoever." RCW 66.04.220

The Washington business and occupation tax act defines "manufacturer" and "to manufacture" as follows:

" 'Manufacturer' means every person who, either directly or by contracting with others for the necessary labor or mechanical services, manufactures for sale or for commercial or industrial use from his own materials or ingredients any article, substances or commodities . . ." RCW 82.04.110

" 'To manufacture' embraces all activities of a commercial or industrial nature wherein labor or skill is applied, by hand or machinery, to materials so that as a result thereof a new, different or useful article of tangible personal property or substance of trade or commerce is produced and shall include the production or fabrication of special made or custom made articles." RCW 82.04.120

In determining whether respondent is a "manufacturer," and the process through which the liquor is put by Old Monastery Company falls within the term "to manufacture," we shall consider the above sections of the statute together. All of these sections are without ambiguity. It is not necessary to give any effect to Rule 136 promulgated by the tax commission, which purports to furnish an administrative guide to the carrying out of RCW 82.04.120.

We also find it unnecessary to determine whether the aging of the liquor is a part of the manufacturing process.

■ Applying the statutes to the relationship between respondent and Old Monastery Company and to the acts of the latter in connection with the whisky delivered to it by respondent, we readily reach the conclusion that respondent is a manufacturer, that in the process through which the whisky is put by Old Monastery Company labor and skill are applied by hand and machinery to the whisky and that as a result a different and useful substance of commerce is produced. A raw whisky, not suitable for consumption as a beverage, is converted into one that is capable of being used as such.

The judgment is reversed, and the case remanded for the entry of an order dismissing the action.

SCHWELLENBACH, C. J., MALLERY, DONWORTH, and WEAVER, JJ., concur.

---

September 22, 1952. Petition for rehearing denied.